All right, Mr. Huara, are you on the line to introduce the students who will be arguing this case? I am, your honor, and may it please the court. Yes, sir. Daniel Huara, on behalf of the appellant Marcus Crawley, it is my distinct pleasure to introduce Jennifer Hartley and Christopher Collum, a third-year law student at Washington University in St. Louis, who will be arguing the case on behalf of Mr. Crawley. Thank you, sir. Ms. Hartley? Yes, sir. Whenever you're ready. Whenever you're ready. Go ahead. Good afternoon, your honors, and may it please the court. My name is Jennifer Hartley, and I represent the appellant in this case, Mr. Marcus Crawley. We're here today asking this court to vacate the sentence for Mr. Crawley's constitutionally infirm Section 924C eviction because it relies on the now-invalid predicate of conspiracy to commit Hobbs Act robbery. The district court erred by searching through non-elemental facts accompanying the plea agreement to try to support the conviction with a dismissed drug trafficking charge. Because the commission of a drug trafficking crime was not an element of Mr. Crawley's 924C conviction, any of the plea agreement's facts related to alleged drug trafficking were superfluous and could not be relied upon to support his conviction years later after changing the law. The decision below had the effect of finding Mr. Crawley guilty of trafficking drugs without proof beyond a reasonable doubt after he pled not guilty to the underlying drug trafficking. Excuse me. This is Judge Packer. Before we get to the merits, isn't there a procedural hurdle that you need to get over that the government has argued? Your honor, the government did bring up procedural default in its brief. Our position, first off, is that this court should not consider that issue in the first instance because the government did not argue procedural default in the district court, and so it has not been considered before. And if this court does decide to consider procedural default, we also believe that there is no procedural default issue here. So very recently, this court decided the case of United States versus Taylor, which is very similarly situated to our case procedurally. The government raised the same procedural default issue that it has raised here, and this court found that argument so unavailing that it didn't even feature in the opinion. But regardless, we feel that our client has, can establish both cause and prejudice to excuse any procedural default. And as I was saying, what is your, no, go ahead, just go ahead and finish your thought. Go ahead. And what is your cause and prejudice? Sure. So under the cause prong, the argument that our client is making was not available in any sense of the word back when he was sentenced in 2008. So he was sentenced just shortly after the Supreme Court's decision in James, which specifically foreclosed this argument about the unconstitutional vagueness of clauses like the residual clause. And then our client filed his application to file a successive 2255 motion shortly after the Supreme Court's decision in Johnson. And in Johnson, the Supreme Court effectively overruled its previous decision in James. And so in that sense, there was cause because the claim was foreclosed before that decision in Johnson. And then the prejudice here is plainly that our client is currently in prison on an unconstitutional charge and thus is serving time under a conviction that can no longer be constitutionally supported. And in attempting to defend the decision below, the government repeatedly points to its conjunctive wording of 924C's disjunctive components. So Ms. Hartley, can I ask about something you said earlier? And that is that you say that the drug trafficking charge is not an element of the underlying 924C offense. So I guess I'm having trouble understanding why that's the case. I mean, it was pled right in the conjunctive as part of the indictment. And so why wouldn't it be an element of the 924C charge? The way I see this case is, and you didn't focus on this in your brief, and I guess I'll ask you why, is isn't the real problem here that even if the government is relying on that alternative predicate, that the elements of that alternative predicate were not, the defendant in this case, never admitted to all of the elements of that predicate, and in particular, never admitted during the plea colloquy, never admitted to the element of intent to distribute. All the statement of facts talk about is that there was an amount of drugs that they attempted to rob in the apartment that amounted to more than, perhaps one could infer, more than a personal use amount. But that's it. So why isn't it as simple as that?  So even if the government could use this as a predicate, it fails for want of a valid plea by the defendant. So that's exactly right, Judge Giaz, and we think that there are both of those issues. Well, but I guess, whether I'm right or not, I guess is a separate question. My two colleagues may disagree, but I didn't get that. It didn't seem like that was sort of the focus of your brief, and maybe I just misunderstood that. So you agree with that? This is really about a Rule 11 plea issue and whether or not the defendant actually admitted to the elements of that alternative predicate when he first pled guilty. Is that fair? We think that there are multiple issues here. So one of those issues is that first point that you raised, asking about why the drug trafficking crime was not an element of the conviction. And so under the statutory language of 924C, 924C criminalizes conduct with a firearm during and in relation to a crime of violence or a drug trafficking crime. And so in this case, that element that it needs to be in relation to a crime of violence or a drug trafficking crime was satisfied with the Hobbs Act conspiracy charge, which at that point qualified as a crime of violence. And so under the guidance we have from the Supreme Court about what is a non-elemental or superfluous fact in the Day Camp case, anything after we had that crime of violence satisfied for the element would have been a non-elemental fact. And so because that drug trafficking crime, I don't think the government would dispute that there are people incarcerated right now on 924Cs in relation to a crime of violence. So the drug trafficking crime was not elemental. And then there are further issues here in that there was no proof beyond a reasonable doubt of the drug trafficking predicate. And as Your Honor pointed out, there is no proof of the elements of that crime on the record. And so both of those things are issues which make this conviction constitutionally in the firm. And that's why we're asking for it to be vacated. Counsel, is your argument... Oh, I'm sorry. Go ahead, Judge Diaz. So it sounds like what you're arguing, though, is that if in fact the defendant had admitted to each and every element of that drug trafficking offense at the plea hearing, your argument would still be that because the 924C conviction was satisfied initially by the Hobbs Act conspiracy offense, even that admission would still render this offense defective because it's not an element of the 924C count. Is that what you're saying? Yes, that's right, Your Honor. So because anything related to the alleged drug trafficking would have been superfluous facts, our position is that it was improper for the district court to rely on those because as the Supreme Court has instructed, a defendant who pleads guilty pleads guilty only to the elements of the crime to which they are pleading and not every fact offered by the prosecution. But as Your Honor has pointed out, there is the additional issue here in that there is no proof beyond a reasonable doubt of the elements of the underlying drug trafficking crime that the government is now seeking to rely on. I just want to make sure I understand your argument on that second point. So he pled guilty to count three, and count three says that he used a firearm in connection with both the crime of violence, Hobbs Act conspiracy, and also during and in relation to a drug trafficking crime to wit attempt to possess with the intent to distribute a controlled substance. So he pled guilty to that, to attempting to possess with the intent to distribute a controlled substance. So why isn't that enough? Because he pled guilty to count three, which essentially charged two crimes. That's what I was reading. Two crimes, yes, Your Honor. So he pled guilty to that. Yes, and the problem with count... I'm sorry, go ahead. No, no, I'm sorry, you go. And the problem with count three is that it essentially charged two separate violations of 924C in one count. Okay, so you have a problem with the form of the indictment, but I'm trying to get to, I guess, what I think Judge Diaz was talking about, which is, like, what did he plead guilty to here? And so I guess, is it your argument that was the district court judge need to say in taking a plea to attempted possession with intent to distribute, did he need to say, look, this was, I can't even remember what it was, but half a kilo of drugs or something. And we agree, right, that if you try to steal drugs in that quantity, that means you intend to distribute it. Did the district court need to kind of put this on the record, this inference from the amount of drugs to the intent to distribute? Is that the problem here? Or are you saying that, like, a reasonable jury or judge could not infer from the quantity of drugs at issue here and intent to distribute? Well, I think that the problem is that the statement of facts in the plea colloquy do not make out the elements of this charge. So if you look at the… It has the drug quantity in it. So are you saying that the drug quantity is not enough, you can't infer from the drug quantity the intent to distribute? Our position is that there is no proof beyond a reasonable doubt based on the way that the government structured this charge. And in other places in the statement of facts, for example, paragraph 18, which is on page 42 of the joint appendix, the government was very specific in getting our client to stipulate to the fact that the firearm was a firearm within the meaning of the United States Code and things like that. And there is just no specificity at all in relation to this alleged drug-clashing crime. And if the government wanted to attempt to prove a drug-trafficking crime, it could have done so in this statement of facts that it crafted, and it did not do so. And so… Well, I'm sorry. I'm only going to… I promise. I'm sorry. Go ahead. No, no. Go. You're talking about proof, but this was a plea. It was a guilty plea. And so the issue is whether or not the defendant admitted each and every element of the offense to include the trafficking offense. And if a judge has to infer whether or not the intent to distribute occurred, then that doesn't sound to me like there's a factual basis for the plea. That is correct, Your Honor. And the factual basis of the 924C charge could have been adequately supported in 2008 with the Hobbs Act conspiracy charge, because you do not need a crime of violence and a drug-trafficking charge to support a 924C conviction, which is why the drug-trafficking crime was non-elemental to the 924C conviction. And, in fact, the drug-trafficking crime, that underlying predicate was dismissed, and our client pled guilty to the Hobbs Act charge.  And so the district court judge back in 2008 had the necessary elements of a 924C conviction without Hobbs Act conspiracy charge. The problem is that now we know that Hobbs Act conspiracy is not a crime of violence under the Supreme Court's decision in Davis and this court's decision in Sims. And so I will just briefly also mention that this court's precedence in Bannon-Chapman have been clear that the government's choice to use the conjunctive and in place of the disjunctive or do not mean that a defendant admits to all of the... Well, it's not the government's choice. That's actually how indictments with disjunctive elements in a statute are required to be indicted, right? They're required to indict in the conjunctive the disjunctive components of an underlying statute. But that doesn't mean that the courts don't consider guilt disjunctively. Correct? Yes, Your Honor. That is correct. And so under this court's precedence, that and is not sufficient for the government's conclusion or the district court's conclusion that our client necessarily pled guilty to this underlying drug-trafficking crime when, again, the government admits in its brief that it could have separately charged 924C in relation to a crime of violence and a drug-trafficking crime. And if there are no further questions, I'll reserve the remainder of my time for rebuttal. Thank you, Ms. Hartley. Mr. Grano, I hope I'm pronouncing that right. We'll hear from you. Thank you, Your Honor. May it please the court, I'd like to start with a couple of points that I think are relevant to the doctrines that we're operating in, and then I'd like to turn directly to Judge Diaz and Judge Harris's questions about sort of the sufficiency of the factual basis of what the judge had to say in the plea. The first point I think is critical, that this is not an actual application of the modified categorical approach. The question here under Bowsley is whether the defendant's plea was knowing and voluntary, whether he was properly instructed as to the elements of the plea to plead guilty. Here, the defendant was charged in the conjunctive, as we are required to do, and then admitted expressly that his conduct violated both with respect to the Hobbs Act robbery conspiracy and the attempted drug trafficking, and that he did so with the requisite intent. Wait, you're saying that an appellant admitted to the drug-trafficking offense? Yes, Your Honor. Where? In paragraph one of the statement of facts, he admits that his use of the firearm was in furtherance of both the crime of violence and the drug trafficking predicate. So, and then subsequently in the facts, he admits that his conduct and his use of the firearm was to obtain half a kilogram of cocaine, which is more than sufficient under this court's precedence to establish an intent to distribute under both. Can I ask about that? So, you say under this court's precedence, but aren't all those cases, issues, questions that went to a jury or a trier of fact as opposed to a guilty plea? Yes, Your Honor, but I'd like to add in some other context about how the factual basis for guilty pleas. And we are far afield from, I think, the issues that were briefed, so I apologize if someone is coming up for the first time. So, the first point is in United States versus Lamar from 1996. This court held that a quantity exceeding five grams of cocaine was sufficient to support an inference to distribute. And more recently in 2014, in field, a kilogram, which is about 10,000 street doses of crack. I don't have any dispute with that. I agree completely with those propositions. The question is, is it sufficient in the context of a guilty plea where the most direct way of getting to that point is, Mr. Defendant, when you robbed these individuals of these drugs, did you have the intent to distribute them later on? Why do we need an inference? So, for this point, Your Honor, we turn to two cases. The first is United States versus Wilson from 1996, and the second is United States versus Carr from 2001. So, under Wilson from 1996, a court is not required to state every single element of the offenses in a Rule 11. They're accorded broad discretion in order in how they construct their Rule 11 colloquy. And then in Carr, this court held that the factual basis for a plea does not need to cross the beyond a reasonable doubt threshold or even the preponderance threshold. It simply has to be, the judge has to be satisfied that the conduct as stated constitutes an offense under the statutory provision that's cited. So, if the judge here... But the district court didn't mention the amount of, the quantity of drugs as being a basis for intent to distribute here. The district court focused on the violent nature of the crime, and so... Yes, Your Honor, although I would point out that in the plea colloquy at pages 18 to 19, the court recited all of these facts and then asked the defendant whether he agreed that this is what happened, and then also asked the defendant in the course of the plea colloquy whether he admitted that he was guilty of the offenses as charged after specifying in the Rule 11 colloquy itself that both predicates were the basis for count three. So, I do think that the elements of all of the predicates were in front of the court and in the court's mind. But the court didn't make that finding, that leap or that finding that you're asking, that you're arguing, that is, that the amount of drugs alone was enough to show intent to distribute, correct? Well, yes, Your Honor, in the sense that the district court did not make it explicit. I do think under Lamar, it is sufficient as a matter of law, and the district court could then rely on that. If the court's concern is that the court's Rule 11 colloquy was not sufficiently clear that the district court made that particular finding, that actually falls under the second part of Carr with the two-remedy rule. And this is where we're really far afield. But under the two-remedy rule, if the district court fails to make a specific finding, and this court is not convinced that the district court actually found a portion of the factual basis for the plea, the remedy is to vacate the conviction and sentence, but not the guilty plea or the plea agreement, and to remand for the district court to make that determination for the government to request additional evidence to support the missing facts from the common plea. That's different from the question of whether or not the defendant understood what he was pleading guilty to, in which case the guilty plea is itself vacated. So it's very complicated. Well, what about our case, United States versus Chapman, that says, when a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct. Here, the least serious would be the Hobbs conspiracy, not the trafficking offense. Two points, Your Honor. One, both Vann and Chapman occur in a context in which there is no other theory the defendant actually pled to, whereas here we have the plea agreement, which explicitly states both the statement of facts, which expressly admits that he did it in furtherance of both. So I would say Vann and Chapman are distinguishable on their facts. The second point about Chapman is that it occurred in a very different context of a constitutional challenge, where the court was attempting to analyze whether the government had a reasonable means and fit between an infringement on a Second Amendment firearm. So the court was essentially assuming, does the Second Amendment allow a restriction on this particular type of conduct? And to do it, they assumed what the court found to be the least serious conduct, which is being subject to a protective order saying you couldn't possess a firearm. So again, it's a very different context than when, on collateral review, we're reviewing whether or not a defendant knowingly and voluntarily pled guilty or whether he had a factual basis. On the factual basis point as well, I'd point out that this court's opinion in Mitchell cites the court's opinion in Willis, which says that a defendant actually cannot challenge the sufficiency of the factual basis for his plea on collateral review. He can only challenge a defect in the Rule 11 colloquy itself. So the law here is actually very clear that when a defendant is raising a claim, the court is actually only reviewing the Rule 11 colloquy to determine whether or not it was adequate, not whether or not there is in fact a factual basis for a plea. The other point that I'd like to put in front of the court is that because this is occurring on collateral review, the burdens are vastly different than if this question had come up on direct appeal. So because the defendant bears the burden in collateral proceedings and in fact is subject to requirements that far exceed even plain error review, the defendant bears the burden of demonstrating that he was either actually convicted only under the defective theory or that neither theory is permissible at all. And because we're dealing in that context, I think this sort of, it animates the principle of procedural default that we've raised. It animates the harmlessness analysis at the end of our briefing. But at its core, it's that the defendant was instructed that both of these I just want to go back to the statement of facts again and make sure I understand the government's position. So the statement of facts says that the purpose of the home invasion was to rob the victim of money and narcotics and that it was the appellant's intent to steal the cocaine and drug proceeds. There's nothing in there specifically that says the intent was to traffic these drugs. There's nothing in the statement of facts that specifically says that. So I just want to make sure I'm understanding the government's argument correctly. The only evidence of intent that the government is inferring, intent to distribute, is the amount of drugs. Is that correct? Yes, Your Honor, coupled with the fact that the defendant admitted in the first paragraph that his use of the firearm was in furtherance of the drug trafficking predicate. So, again, it's that he admitted that he was guilty of the count as charged as to both the crime of violence and the drug trafficking predicate, which was charged as attempt to possess with the intent to distribute. Right, because you charge in the conjunctive, but you prove in the disjunctive. And guilt is in the disjunctive. And under we already talked about the one case that if there are two statutes in the guilty plea, it's the least serious offense that he has pled guilty to, which is Hobbs conspiracy. I disagree. And I, you didn't like, I understand your response to that. Yes. So I had several responses to that. In the absence of evidence, the Van Chaps rule has different effects, but we think that the admissions in the statement of facts, its inclusion in the plea agreement explicitly as both and his statements at the So as your honor knows, we can always include a special verdict form, for example, when it goes to the jury and the jury can convict on two theories. So it's not always true that guilt is disjunctive. Guilt can be conjunctive on alternate theories. And we think that his admissions, the language of the plea agreement and the rule 11 policy here all fill that gap to say that this was effectively the same thing as a special jury verdict, finding that both predicates were satisfied. And the district court's confirmation of that fact during the rule 11 colloquy is what's adequate to sustain the conviction as on both theories. So this would be the exact same thing as hair in which the jury found both that the drug trafficking predicate and that the robbery predicate were the basis for the 924 C action. I don't think that a special jury verdict is necessary as well, because if we look also in there to the earlier proceeding, there was an argument that there was Rosemond error in the jury instructions as to aiding and abetting the 924 C argument. But the court sustained the conviction saying the evidence was also sufficient to establish Pinkerton liability, which was a separate theory of liability on this offense. In that context, because plain error placed the burden on the defendant to prove that he could not have been convicted under Pinkerton liability, that was sufficient to sustain the conviction, even in the absence of a special jury verdict. Here we think it's the exact same thing. On the basis of, on collateral review where the defendant bears the burden to demonstrate that his plea was knowing and involuntary, he would have to demonstrate that he pled only to the invalid predicate or that both predicates themselves were invalid. We don't think he could do that on this record. Yes, Judge Harris. Can I ask you a question? And it's, it's another way of thinking about what happened at the plea colloquy here and the statement of facts and everything. So I sort of agree. What we're trying to figure out is whether it's clear that he pled guilty to both of the predicates and not just one. And there is sort of a common sense argument, right? That when you look at the indictment and then the plea agreement, right? He, he pled guilty to the substantive Hobbs Act violation, the crime of violence. He did not plead guilty to the substantive drug trafficking crime. So just as a matter of common sense, one might assume that when he pled guilty to the 924 C1, it was on the basis of the predicate to which he had pled guilty and not the predicate that was dismissed. And then you look at the plea colloquy and you also might sort of assume that if in fact everybody's understanding was that he was pleading guilty to the trafficking predicate, somebody would have said something like maybe the magistrate would have mentioned the intent to distribute and made sure he was pleading guilty to it or at least mentioned the half a kilogram or more of cocaine, just something about it. And instead there's this kind of notable silence. And I'm just wondering whether when you, whether or not, I actually have not recently read, but I think I have some dim memory of some of the cases you're talking about and what happens at the Rule 11 colloquy. And even if you weren't going to say that there was sort of a Rule 11 problem here, he didn't plead guilty to it. Since we're trying to kind of infer from this record what it was he pled guilty to, could we take account of that omission at the Rule 11 colloquy, that nobody said anything about intent to distribute or about the quantity of drugs involved or any inference from that quantity, that it was just kind of dead silence on that point? Your Honor, I think I would have a harder argument if the drug trafficking predicate were not mentioned at all. But at page eight in our supplemental appendix, it was specifically mentioned as a predicate for the count. And then immediately after the defendant was asked whether he agreed, whether he was pleading guilty because he was guilty of the offenses as charged. And so I think it's one of these whole record evidence analysis that you have to do, because again, what we're doing is we're reconstructing sort of what was in the district court's mind and what was in the defendant's mind at the time of the call that happened. I do think it's important to point out with respect to your judge's question that who has to show what was clear is again, doing a lot of work on collaborative. The defendant has to show that it was clear that he was only pleading to the infallible predicate in this context. And because of that, I think, again, if we were on direct review, it would be very easy for this court to take a vacay and remand for a new Rule 11 colloquy, make it clear and things be slurred away. But as the Supreme Court has pointed out, and most recently in Weber v. Institute in 2017, there are real costs to vacating a conviction long after it has become final. The passage of time, blurs, witnesses, testimony, documents or evidence may be lost. And so that's why there's a higher standard on collateral review to go back. Mr. Brown, can I just ask you, what you just said a few moments ago earlier, I thought I heard you say that you thought the colloquy in this case was sufficient, even perhaps on direct review, but now you're suggesting that perhaps it wasn't, but it's good enough because this case is on collateral review. Is that the government's position? No, Your Honor. Our position is that it would be sufficient even on direct review, but there are additional hurdles to cross when you're on collateral review because the burden has shifted as to who has to demonstrate the clear insufficiency of the Rule 11 colloquy. So our position would be under Wilson and Carr, that the district court was not required to make a specific explicit statement about intent during the Rule 11 colloquy and that under Carr, the inclusion of language about the kilo, the half kilo of crack cocaine would be sufficient to then support an intent to distribute. And therefore there was a factual basis for the plea. The thing that's different about the collateral review context is Willis then said the defendant cannot go back and argue the factual basis for my plea was insufficient. He has to argue only that there was a defect in the Rule 11 colloquy. So we're sort of seven layers away. And because of the interest and finality that exists in criminal judgments and the problems with vacating a conviction that's now more than 12 years old, we think that it's appropriate in this context to hold the defendant to his burden to demonstrate that his conviction was in fact. I'd like to return just very briefly to the issue of procedural default. Since this was raised with my colleagues on the other side, under green law versus United States, the Supreme court has held that an appellee can defend a judgment below on any ground, even if it's not raised. So even if we had said nothing about procedural default in the district court, I think we are still entitled to raise it on, on appeal, but we did in our motion to dismiss, which was specifically off title and is found to be expressly preserved our right to assert procedural default to these challenges. And this court has in fact, recognize procedural default, or at least consider these issues on appeal when they've been raised in the first entrance. The first time was in future in 2012 in which we raised procedural default and the court addressed it and disposed of the question on that. And then recently, just last year, actually in salads where this court made a finding that under the Metzger factors, judicial efficiency, conservation of scarce judicial resources and the orderly and prompt administration of justice warranted considering a procedural default defense for the first time on, on appeal. So this is not a situation in which the government sat on its rights or did not raise the argument affirmative to the law. The posture is merely result of the fact that the district court concluded as a straightforward application of care, the defendant's argument simply didn't have a legal basis. And so summarily dismissed on that grounds without even the government having to brief the merits and solely after it had done a motion to dismiss on time. If the court has no further questions for me, Thank you, Mr. Brown. Mr. Collin, sir. We'll hear from you. Thank you. Good afternoon. It may have pleased the court. My name is Christopher column, and I also represent the appellant in today's case. Mr. Marcus Crawley. As Ms. Hartley just explained a moment ago, this case concerns Mr. Crawley's continuing incarceration for constitutionally infirm conviction. We now ask this court to vacate his conviction and his sentence on his behalf. And we ask this court to vacate his 924 C count. This is not a case where we are at, where we are questioning the sufficiency of the evidence that the government presented at the rule 11. We colloquy. There's no question that the predicate offense of conspiracy to commit Hobbs app. Robbery is no longer a constitutionally valid predicate. After this court's decision in Sims and the United States Supreme court's decision in Bay and Davis. There's also no question that Mr. Crawley pled not guilty to the drug trafficking offense. The count too, that it was dismissed as part of the rule 11 plea agreement. There's also no question that when the district court judge, when the judge below read the plea colloquy, when read the plea agreement allowed at the rule, 11 peak plea colloquy, Mr. Crawley pled guilty to counts one and to count three, But pled not guilty to the other counts. And they were dismissed. Furthermore, the judge did not make any mention of the quantity of drugs. The government alleges Mr. Crawley and his co-defendants intended to steal at the plea colloquy. So while it's true that the drug trafficking, drug trafficking offense was mentioned in passing simply when the judge read out the 924 C conviction that is structured such that it includes both the Hobbs act robbery and the crime of violence and the drug trafficking crime. There was no mention of any amount of drugs and there was no allegation that Mr. Crawley intended. The amount of drugs mentioned in the statement of facts to which Mr. Crawley pled guilty. Yes. Judge Becker, your honor is correct that the amount of drugs was alleged in the statement of facts. At one point it says half a kilogram. At another point, it says half a kilogram or more. However, under this, under the Supreme court's precedent in United States against the camp, a defendant pleads guilty only to the elements of the crime. And those are non-elemental facts. Any information about the drug, the drug trafficking charge or any amount of drugs. And that's true because the 924 C conviction was already supported by the Hobbs act robbery to which Mr. Crawley pled guilty. So therefore any information about the drug charge is superfluous to the 924 C conviction. And so it would have been inappropriate for the sentencing judge to rely upon that. And it was inappropriate, but as we can see on page 99 of the joint appendix with the judge below and dismissing Mr. Crawley's 2255 petition to then essentially find Mr. Crawley guilty of the drug trafficking crime beyond a reasonable doubt years after the fact. The problem here and why we're even discussing this is because the government is essentially trying to reconstruct its plea deal years after the fact, because now the predicate to which Mr. Crawley did plead guilty is no longer constitutionally valid. If the government wanted to charge Mr. Crawley with a 924 C based upon the drug trafficking charge, it could have brought two separate 924 C convictions. As Ms. Hartley mentioned, the government regularly does this and it admits in its brief that it is allowed to do this. And when this court brief, when this court a few months ago considered the Taylor case, in that case, that was exactly what we had, but that's not what the government did here. What the government did here was that it brought one 924 C. Counselor, can I just ask you a question? I mean, it seems like this case would be a lot more straightforward. You say the government wants to redo the plea agreement, but the plea agreement could have said what you say. It says it could have said I'm pleading guilty to the 924 C count based on a crime of violence period, but it doesn't say that that's not what he pled guilty to. So it seems as though, I mean, maybe I'm missing something, but you would like us to do some editing of the plea agreement, right? Well, your honor, it's true that the plea agreement says crime of violence and drug trafficking crime in the 924 C charge, but it's our position that the most natural reading of the plea agreement is that everything from the, and after drops out because Mr. Crawley pled not guilty to the drug trafficking charge. And so it's only the crime of violence language that's relevant there. And the, the elements of the 924 C charge are supported or were supported at the time by the Hobbs act robbery, the conspiracy to commit Hobbs act robbery charge. And so anything after that would be a non elemental fact because the elements of that crime were already satisfied. And so for these reasons, we asked this court to reverse the court below and to vacate Mr. Crawley's conviction in his sentence. Thank you. I simply wanted to thank Washington university school of law for taking on this case as court appointed council. And in particular, I wanted to thank the two students who so ably argue the cause on behalf of their client here this afternoon. I also want to thank Mr. Grano for ably representing the government. In this case, we could not do the work that we do without the competent council coming before us and representing the interests of both defendants and the government. And that certainly happened this afternoon. So again, thank you on behalf of the court and be safe and be well. We typically would come down and greet you personally and particularly love doing that when it comes to students, but obviously we can't do that this afternoon, but thank you very much on behalf of my colleagues and on behalf of the court. Take care. Thank you.
judges: Albert Diaz, Stephanie D. Thacker, Pamela A. Harris